## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## ABERDEEN DIVISION

**QUDARRIUS BROOKS**                                        **MOVANT**

**v.**                                              **No. 1:18CR2-SA-DAS**

**UNITED STATES OF AMERICA**                              **RESPONDENT**

### MEMORANDUM OPINION

This matter comes before the court on the motion of Qudarrius Brooks to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the instant motion will be dismissed with prejudice as untimely filed, and, in the alternative, denied on the merits.

### *Habeas Corpus* Relief Under 28 U.S.C. § 2255

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section14 of the Judiciary Act of 1789. *Habeas corpus* principles developed over time in both English and American common law have since been codified:

The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the

1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id*.

## Section 2255 Proceedings

Section 28 U.S.C. § 2255 permits an inmate serving a sentence after conviction of a federal crime "to move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). As with the writ of *habeas corpus*, *see* 28 U.S.C. §§ 2241, 2254, a § 2255 motion sets forth only four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Thus, a prisoner must claim either a constitutional violation or want of subject matter jurisdiction to invoke 28 U.S.C. § 2255. In the absence of constitutional or jurisdictional defects, a federal prisoner may invoke § 2255 only if the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979).

The district court must first conduct a preliminary review of a section 2255 motion, and "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceeding that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the Government to file a response or to take other appropriate action. *Id.* The judge may then require

the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. *Rules Governing Section 2255 Proceedings,* Rules 6–7.

After reviewing the government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must decide whether an evidentiary hearing is warranted. *Rules Governing Section 2255 Proceedings,* Rule 8. Under the statute, an evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). However, the court need not hold an evidentiary hearing if the prisoner fails to produce "independent indicia of the likely merit of [his] allegations." *United States v. Edwards,* 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the movant bears the burden of establishing his claims of error by a preponderance of the evidence. *See Wright v. United States,* 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *See Burgess v. Dretke,* 350 F.3d 461, 472 (5th Cir. 2003). For other errors at the trial court level, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Brecht v. Abrahmson,* 507 U.S. 619, 637 (1993); *see also United States v. Chavez,* 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht's* harmless error standard in a § 2255 proceeding). If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

### Facts and Procedural Posture

On September 12, 2017, November 2, 2017, and November 20, 2017, Qudarrius Brooks and Shaquille Wilson sold nearly pure methamphetamine to a confidential informant working

with the Drug Enforcement Administration.  PSR ¶14-17.  On December 12, 2017, the

confidential informant ordered a pound of methamphetamine for $8,000.00 from them.  Prior to

the actual exchange, law enforcement executed a traffic stop on Brooks' vehicle and seized

approximately one pound of methamphetamine.  As the Presentence Report stated, "Brooks

stated he was willing to cooperate with law enforcement, but he did not provide truthful or useful

information."  PSR ¶ 18; *see also* Affidavit of Agent John Denniston, attached as Exhibit A.

On January 23, 2018, a Federal grand jury returned an Indictment against Qudarrius

Brooks on five counts:  (Count One) conspiracy to distribute and possess with the intent to

distribute in excess of fifty (50) grams of methamphetamine (actual) in violation of Title 21,

United States Code, Section 841(a), (b)(1)(A) and 846; and four counts (Counts 2-5) of

distribution of methamphetamine in violation of Title 21, United States Code, Section 841(a),

(b)(1)(A).  The counts carry mandatory minimum sentences of not less than ten years and not

more than life imprisonment.

On June 6, 2018, Brooks pled guilty to Count One, which carried a sentence of not less

than ten years and not more than life imprisonment.  Prior to sentencing, Brooks did not

cooperate or provide any truthful information or evidence that he had concerning the offense.

*See* PSR ¶ 26; Affidavit of Agent John Denniston.  As such, the safety valve provision of §

5C1.2 was not applied.  *Id*.

According to the PSR, the drug amount attributable to Brooks' own conduct was 766

grams of actual methamphetamine which resulted in a specific offense level 34. PSR ¶ 19.

Brooks' criminal history category was calculated at I, and after acceptance of responsibility was

deducted, his Guideline range was 108 to 135 months.  However, since the statutory mandatory

minimum sentence of 10 years was greater than the minimum Guideline range, Brooks'

guideline range was 120 to 135 months.  PSR ¶ 57-58.

The sentencing hearing was held on November 14, 2018.  At the hearing, Brooks did not

object to the PSR:

> **The Court**:  . . . So, Mr. Brooks, on a previous occasion, you entered a plea to Count 1 of the indictment.  Do you recall entering that plea?
>
> **The Defendant**:  Yes, ma'am.
>
> **The Court**:  Okay.  Since then, a presentence report has been prepared.  Have you had an opportunity to review the presentence report with Mr. Lucas?
>
> **The Defendant**:  Yes, ma'am.
>
> **The Court**:  Mr. Lucas, are there any objections?
>
> **Mr. Lucas**:  No, Your Honor.

Sentencing Hrg. Tr. [66] p. 2, lines 12-21.

The court sentenced Brooks to the mandatory minimum sentence of 120 months

imprisonment. On November 20, 2018, the judgment was entered.  Brooks did not seek an

appeal.

He filed the instant motion to vacate, set aside, or correct sentence under 28 U.S.C. §

2255 on March 19, 2020, and (for the first time) alleges that he provided truthful information to

authorities.  He also states that he asked his counsel about the safety valve and his counsel,

George Lucas, "gave him no information on it nor did he bring up safety valve relief during

Court."  Mtn. to Vacate [70-1] p. 1.  He also stated that he never met with the government.  *Id*. at

2.  He stated that Mr. Lucas failed to correct the court as to the safety valve and failed to properly

assist him with the safety valve.  *Id*. at 2-3.

### The § 2255 Motion Is Untimely Filed

- 5 -

Motions filed under § 2255 are subject to a "1-year period of limitation." 28 U.S.C. § 2255. The one-year period runs from "the latest of":

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The court entered judgment on Brooks' conviction on November 20, 2018. Brooks did not file an appeal; as such, the conviction became final when the time expired to file a timely notice of appeal on direct review or December 4, 2018. *United States v. Plascencia*, 537 F.3d 385, 387 (5th Cir. 2008). He does not allege new evidence or new governing case law. As such, he had until December 4, 2019 (December 4, 2018 + 1 year) to file a § 2255 motion. Brooks signed his motion on March 16, 2020, and it was placed on the court's docket on March 19, 2020. Under the prison mailbox rule, a *pro se* prisoner's pleading is deemed filed with the court when he presents it to prison authorities for mailing to the District Court. *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (relying on *Houston v. Lack* and its progeny). Giving Brooks the benefit of the doubt, the instant motion was filed on March 16, 2020, over three months after the limitations period expired. Brooks has not identified any rare or exceptional circumstance to excuse his untimely filing; as such, equitable tolling does not apply in this case. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Minter v. Beck,* 230 F.3d 663, 666–67 (4th Cir. 2000) ("[E]quitable tolling of the AEDPA's one[-]year limitation period is reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be

unconscionable to enforce the limitation period against the party and gross injustice would result.")
(quotation omitted). As Brooks has not met this burden, the instant motion will be dismissed as
untimely filed.

### Denied on the Merits

In the alternative, the instant motion will be denied on the merits, as Brooks did not
qualify for sentencing under the "safety valve" provision of U.S.S.G. 5C1.2. As such, counsel
rendered effective assistance in his decision not to argue that the court should apply the
provision.

### Ineffective Assistance of Counsel

Brooks argues that counsel was ineffective in neither informing him about the § 5C1.2 "safety
valve" provision nor raising it with the court during sentencing. As discussed below, this claim is
without merit. The court must address claims of ineffective assistance of counsel under the two-prong
test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To
prove that defense counsel was ineffective, the petitioner must show that counsel's performance was
deficient and that the deficiency resulted in prejudice to her defense. Under the deficiency prong of
the test, the petitioner must show that counsel made errors so serious that he was not functioning as the
"counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. The court must analyze
counsel's actions based upon the circumstances at the time – and must not use the crystal clarity of
hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). The petitioner "must overcome the
presumption that, under the circumstances, the challenged action 'might be considered sound trial
strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). To prove prejudice, the petitioner must
demonstrate that the result of the proceedings would have been different or that counsel's performance
rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673,

685 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993);

*Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997).  "When §2254(d) applies, the question is

not whether counsel's actions were reasonable.  The question is whether there is any reasonable

argument that counsel satisfied *Strickland's* deferential standard."  *Harrington v. Richter*, 131

S.Ct. 770, 788 (2011); *Premo v. Moore*, 131 S.Ct. 733 (2011).

**The "Safety Valve" Provision of § 5C1.2 Does Not Apply**

The "safety valve" provision in U.S.S.G. § 5C1.2 provides the district court with

discretion to impose a sentence less than the mandatory minimum in cases where the defendant

meets certain criteria.  The provision permits the court to impose a lesser sentence on cooperative

nonviolent defendants with virtually no criminal history who are small players in the crime.  It

can prevent a "small fry" defendant from receiving a "big fish" sentence.  Section 5C1.2 reads,

in relevant part:

> (a) Except as provided in subsection (b), in the case of an offense under 21 U.S.C. §
> 841, § 844, § 846, § 960, or § 963, the court shall impose a sentence in accordance
> with the applicable guidelines without regard to any statutory minimum sentence, if
> the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)-(5) set
> forth below:
>
>> (1) the defendant does not have more than 1 criminal history point, as determined
>> under the sentencing guidelines before application of subsection (b) of § 4A1.3
>> (Departures Based on Inadequacy of Criminal History Category);
>>
>> (2) the defendant did not use violence or credible threats of violence or possess a
>> firearm or other dangerous weapon (or induce another participant to do so) in
>> connection with the offense;
>>
>> (3) the offense did not result in death or serious bodily injury to any person;
>>
>> (4) the defendant was not an organizer, leader, manager, or supervisor of others in
>> the offense, as determined under the sentencing guidelines and was not engaged in
>> a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and
>>
>> (5) *not later than the time of the sentencing hearing, the defendant has truthfully
>> provided to the Government all information and evidence the defendant has*

> *concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan*, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

U.S.S.G. 5C1.2 (emphasis added).

Brooks alleges that, upon his arrest, he truthfully answered the questions of law enforcement officers. *See* Doc. 70-1. However, the arresting officer, Special Agent John Denniston, stated that Brooks provided no substantive or truthful information; instead, he gave information known to the Agents to the false and misleading. Aff'd of Special Agent Denniston, Doc. 80 at 1; *see also* PSR ¶ 18. When Agents told Brooks that he needed to provide truthful information, he stated that he had nothing to say. Aff'd of Special Agent Denniston, Doc. 80 at 1. When asked about three controlled purchases Agents had previously made from Brooks through a confidential informant, he gave Agents false and misleading information regarding facts already known to the Agents. *Id*. In stark contrast, Shaquille Wilson, a co-conspirator arrested simultaneously with Brooks, provided substantial information about co-conspirators and accurate facts from the previous three controlled purchases from him and Brooks. *Id.* at 1-2. Wilson's cooperation and information qualified him for the "safety valve" provision. *Id.* at 2.

Thus, as set forth above, Brooks refused to cooperate in the investigation, instead providing false and misleading information. Aff'd of Special Agent Denniston, Doc. 80 at 1; *see also* PSR ¶ 18. There is simply no documentary evidence of record to show that Brooks qualified for the "safety valve" provision of U.S.S.G. § 5C1.2. Counsel cannot provide ineffective assistance by raising a meritless issue. *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995); *Koch v. Puckett,* 907 F.2d 524, 527 (5th Cir. 1990); *see also Clark v. Collins*, 19 F. 3d 959, 966 (5th Cir. 1994) ("Failure to raise

meritless objections is not ineffective lawyering, it is the very opposite.") This ground for relief is thus without substantive merit and will be denied.

### Conclusion

In sum, the instant motion to vacate, set aside, or correct sentence will be dismissed with prejudice as untimely filed, and, in the alternative, denied on the merits. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 22nd day of February, 2023.

/s/ Sharion Aycock
U. S. DISTRICT JUDGE